**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**SUSAN SELTZER,**                                  )
                                                    )
                            **Petitioner,**          )
                                                    )
**v.**                                              )          **1:21-cv-02093-JMC**
                                                    )
**GARY GENSLER, Chairman, Securities**              )
**and Exchange Commission**                          )
                                                    )
                            **Respondent.**          )
_____)

**SECURITIES AND EXCHANGE COMMISSION'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**
**PETITION FOR WRIT OF MANDAMUS AND FOR A STAY OF DISCOVERY**

# TABLE OF CONTENTS

**BACKGROUND** ................................................................................................ 1

   **A.  Approval of Rules of Self-Regulatory Organizations** ............................... 1

   **B.  Petitioner's Allegations** ........................................................................... 2

**ARGUMENT** ................................................................................................... 6

   **I.  Petitioner's Petition for a Writ of Mandamus should be dismissed in its entirety under Rule 12(b)(1) for lack of subject matter jurisdiction.** ................................ 6

     **A.  This Court lacks subject matter jurisdiction over Petitioner's claims because sovereign immunity bars her claims against a government agency.** ................................ 7

     **1.  Neither the Mandamus statute nor the All Writs Act waives sovereign immunity.** 8

     **2.  The APA's waiver of sovereign immunity does not apply here because decisions to sanction FINRA and to change FINRA's rules are committed to agency discretion.** ...... 9

     **B.  Even if Petitioner could identify a waiver of sovereign immunity, this Court would lack jurisdiction because Petitioner lacks standing to bring her claims.** ...................... 11

   **II.  Even if this Court had jurisdiction, the Petition should be dismissed under Rule 12(b)(6) for failure to state a claim.** ................................................................. 13

   **III.  Discovery should be stayed pending resolution of the motion to dismiss.** .............. 16

**CONCLUSION** ................................................................................................ 17

# TABLE OF AUTHORITIES

## CASES

*Air Line Pilots Ass'n v. Miller*, 523 U.S. 866 (1998) .................................................................. 16

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) .............................................................................. 6

*Atherton v. D.C. Office of the Mayor*, 567 F.3d 672 (D.C. Cir. 2009) ........................................ 2

*Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724 (D.C. Cir. 2012) ................................. 15

*\*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 13

*Block v. SEC*, 50 F.3d 1078 (D.C. Cir. 1995) ........................................................................... 10

*Bradac v. Jewell*, No. CV 13-455 (RBW), 2014 WL 12664799 (D.D.C. April 30, 2014),
   *aff'd on other grounds,* No. 15-5348, 2016 WL 5439804 (D.C. Cir. July 5, 2016) ................ 2

*Brown v. Jewell*, 134 F. Supp. 3d 170 (D.D.C. 2015) ................................................................. 6

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) ............................................................... 13

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
   201 F.R.D. 1 (D.D.C. 2001) ................................................................................................... 16

*Cheney v. District Court for District of Columbia*, 542 U.S. 367 (2004) ................................... 15

*Citizens for Responsibility and Ethics in Washington v. SEC*,
   916 F.Supp.2d 141 (D.D.C. 2013) ......................................................................................... 14

*Cohen v. U.S.*, 650 F.3d 717 (D.C. Cir. 2011) ........................................................................... 7

*Cole v. U.S. Dep't of Justice*, No. 21-CV-1049 (TSC),
   2021 WL 4843951 (D.D.C. October 18, 2021) .................................................................... 2, 6

*Conley v. Gibson*, 355 U.S. 41 (1957) ...................................................................................... 13

*Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981) ................................................................. 13

*Davis v. FEC*, 554 U.S. 724 (2008) ........................................................................................... 11

*Decatur v. Paulding*, 39 U.S. 496 (1840) ................................................................................. 15

*Defenders of Wildlife v. Gutierrez*, 532 F.3d 913 (D.C. Cir. 2008) .......................................... 15

*Dichter-Mad Family Partners, Inc. v. U.S.*, 707 F.Supp.2d 1016 (C.D. Cal. 2010),
   *aff'd*, 709 F.3d 749 (9th Cir. 2013) ........................................................................................ 10

*\*FDIC v. Meyer*, 510 U.S. 471 (1994) ........................................................................................ 7

*Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905 (D.C. Cir. 2015) ........................................ 11

*Friends of the Earth v. U.S. EPA*, 934 F. Supp. 2d 40 (D.D.C. 2013) ....................................... 17

*Fryshman v. U.S. Comm'n for Preservation of America's Heritage Abroad*,
   422 F.Supp.3d 1 (D. D.C. 2019) ............................................................................................. 11

*Gentile v. SEC*, 974 F.3d 311 (3d Cir. 2020) ............................................................................... 9

*Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F.Supp. 2d 9 (D.D.C. 2001) ........... 6

*Heckler v. Ringer*, 466 U.S. 602 (1984) ................................................................................... 16

*Holt v. Davidson*, 441 F. Supp. 2d 92 (D.D.C. 2006) ................................................................. 8

*Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33 (D.D.C. 2004) ........................................ 16

*Kaemmerling v. Lappin*, 553 F.3d 669 (D.C. Cir. 2008) .......................................................... 13

*Kentucky v. Graham*, 473 U.S. 159 (1985) ................................................................................. 7

*Kixmiller v. SEC*, 492 F.2d 641 (D.C. Cir. 1974) ..................................................................... 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ............................................. 6

*Kosen et.al, v. American Express Financial Advisors Inc.*, 1:02-cv-82-JMC (D.D.C.) ................ 3

*Lane v. Peña,* 518 U.S. 187 (1996) .............................................................................. 7

*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949) ........................ 8

*\*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................... 6, 11, 12

*Massachusetts v. U.S. EPA*, 549 U.S. 497 (2007) ...................................................... 14

*\*Norton v. S. Utah Wilderness All.*, 542 U.S. 55 (2004) .............................................. 14

*NRDC v. SEC*, 606 F.2d 1031 (D.C. Cir. 1979) ......................................................... 10

*Power v. Barnhart*, 292 F.3d 781 (D.C. Cir. 2002) .................................................... 16

*Reeves v. MV Transp., Inc.*, 845 F. Supp. 2d 104 (D.D.C. 2012) ............................... 13

*Sai v. Dep't of Homeland Sec.*, No. 14-cv-1876,

    2015 WL 1736960 (D.D.C. Apr. 16, 2015) ........................................................ 16

*Scottsdale Capital Advisors Corp. v. FINRA*, 844 F.3d 414 (4th Cir. 2016) ................ 1

*SEC v. Independence Drilling Corp.,* 595 F.2d 1006 (5th Cir. 1979) ............................. 7

*Sibley v. United States Supreme Court*, 786 F. Supp. 2d 338 (D.D.C. 2011) ............... 16

*Silberstein v. SEC*, 153 F.Supp.3d 233 (D.D.C. 2016) ............................................... 10

*Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169 (D.C. Cir. 2006) ..................................... 13

*U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20 (D.C. Cir. 2000) ................. 11

*U.S. v. Dalm*, 494 U.S. 596 (1990) .............................................................................. 7

*Uberoi v. E.E.O.C.*, 180 F. Supp. 2d 42 (D.D.C. 2001),

    *aff'd*, 36 F. App'x 457 (D.C. Cir. 2002) ............................................................... 7

*Wash. Legal Found. v. U.S. Sentencing Comm'n,* 89 F.3d 897 (D.C. Cir. 1996) .......... 8

*White v. Fraternal Order of Police*, 909 F.2d 512 (D.C. Cir. 1990) ........................... 17

*Wilbur v. U.S.*, 281 U.S. 206 (1930) ........................................................................... 15

*WildEarth Guardians v. U.S. EPA*, 751 F.3d 649 (D.C. Cir. 2014) ...................... 14, 15

## STATUTES

15 U.S.C. § 78o-3 .......................................................................................................... 4

15 U.S.C. § 78o-3(a) ..................................................................................................... 1

15 U.S.C. § 78o-3(b)(2) ................................................................................................ 1

15 U.S.C. § 78o-3(b)(6) ................................................................................................ 1

*15 U.S.C. § 78s(c) .................................................................................................. 1, 9

15 U.S.C. § 78s(b) ........................................................................................................ 1

15 U.S.C. § 78s(b)(1) .................................................................................................... 1

15 U.S.C. § 78s(b)(2)(C) .............................................................................................. 1

15 U.S.C. § 78u(d) ...................................................................................................... 10

15 U.S.C. § 78y(b)(1) ................................................................................................... 2

17 C.F.R. § 19b-7 .......................................................................................................... 1

17 C.F.R. § 240.19b-7 ................................................................................................... 2

28 U.S.C. § 1361 ....................................................................................................... 7, 8

28 U.S.C. § 1651 ....................................................................................................... 7, 8

*5 U.S.C. § 701 *et seq.* ................................................................................................ 8

5 U.S.C. § 701(a)(1) ..................................................................................................... 9

5 U.S.C. § 701(a)(2) ..................................................................................................... 9

5 U.S.C. § 702 .............................................................................................................. 9

5 U.S.C. § 706(1) ..................................................................................................... 14

9 U.S.C. § 10 ............................................................................................................. 4

9 U.S.C. § 12 ............................................................................................................. 4

**RULES**

*Fed. R. Civ. P. 12(b)(1) ...................................................................................... 1, 6

*Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 13

Local Civil Rule 16(b)(1) ........................................................................................ 17

Respondent Gary Gensler, Chair of the Securities and Exchange Commission ("Respondent," "SEC," "Commission," or "Gensler") hereby files this Memorandum of Law in support of his Motion to Dismiss Petitioner Susan Seltzer's ("Petitioner" or "Seltzer") Petition for a Writ of Mandamus ("Petition" or "Pet."). Respondent moves to dismiss the Petition for lack of subject matter jurisdiction under Fed. R. Civ. P. ("Rule") 12(b)(1) and for failure to state a claim under Rule 12(b)(6) Respondent also moves that the Court stay any discovery obligations pending resolution of the Motion to Dismiss.

## BACKGROUND

### A.      Approval of Rules of Self-Regulatory Organizations

The Securities Exchange Act of 1934 ("Exchange Act") authorizes the SEC to register self-regulatory organizations ("SROs"). *See* 15 U.S.C. § 78o-3(a). Pursuant to that authority, the SEC registered FINRA (Financial Industry Regulatory Authority), a non-profit membership corporation comprised of financial brokers and dealers. FINRA is an SRO for the brokerage industry that can discipline brokers for professional misconduct. FINRA "promulgates rules to enforce broker-dealer compliance with the Exchange Act, 'the rules and regulations thereunder ... and the rules of the association.'" *Scottsdale Capital Advisors Corp. v. FINRA*, 844 F.3d 414, 417–18 (4th Cir. 2016), *quoting* 15 U.S.C. § 78o-3(b)(2). All FINRA rules must be approved by the SEC. 15 U.S.C. §§ 78o-3(b)(6), 78s(b)(2)(C). The SEC is authorized to amend any existing FINRA rule to ensure that it complies with the requirements of the Exchange Act. *Id*. at § 78s(b)(1), (c).

Once the SEC receives such proposed rulemaking from FINRA, and before it formally considers the proposed FINRA rules, the SEC must publish those proposals in the Federal Register to solicit public comment. 15 U.S.C. § 78s(b); 17 C.F.R. § 19b-7. After receiving

1

public comment on proposed rules, the full SEC Commission conducts a review of the proposed

rules and comments and then votes to approve, disapprove or remand them to FINRA.  *See* 17

C.F.R. § 240.19b-7.  A separate statutory review mechanism under the Exchange Act authorizes

persons adversely affected by a Commission rule to seek review and judicial relief by filing a

petition in the U.S. Court of Appeals within 60 days of the rule becoming final.  15 U.S.C. §

78y(b)(1).

### B.    Petitioner's Allegations

Seltzer's pro se[1] Petition for a Writ of Mandamus ("Pet.") stems from the dismissal

sanction against her in a September 2018 FINRA arbitration (to which the SEC was not a party)

following a June 25-28, 2018 arbitration hearing.  *See* FINRA Arbitration No. 17-01857 at 14-

18, available at (https://www.finra.org/sites/default/files/aao_documents/17-01857.pdf,

(hereinafter "Arbitration No. 17-01857").  The arbitration panel ordered the dismissal pursuant to

FINRA Rule 12212(c)[2] following disruptive behavior by Petitioner, including (1) being "ordered

several times not to yell and to stop throwing things," orders with which "she did not comply and

---

[1] Seltzer's *pro se* Petition is reviewed under "'less stringent standards than formal pleadings drafted by lawyers.'"  *Bradac v. Jewell*, No. CV 13-455 (RBW), 2014 WL 12664799 *3 (D.D.C. April 30, 2014), *aff'd on other grounds,* No. 15-5348, 2016 WL 5439804 (D.C. Cir. July 5, 2016), *quoting Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (citation omitted).  However, while the Court should "'assume [the] veracity' of any 'well-pleaded factual allegations' in the [petition] and draw inferences in the plaintiff's favor, conclusory allegations 'are not entitled to the assumption of truth.'"  *Bradac,* 2014 WL 12664799 at *3 (citations omitted); *see also Cole v. U.S. Dep't of Justice*, No. 21-CV-1049 (TSC), 2021 WL 4843951 *2 (D.D.C. October 18, 2021) (non-justiciability of *pro se* case and the absence of jurisdiction cannot be overcome by construing complaint liberally).

[2] FINRA Arbitration Code Rule 12212(c) states in relevant part:

> (c) The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective.

was ultimately instructed to leave the hearing," (2) failing to respond to Panel Chair's order and counsel's requests "that she answer questions asked and refrain from commentary or responding to questions that were not posed," (3) falsely accusing the opposing party's counsel "of lying and intimidation," (4) "screaming at the Chairperson when she tried to give [Petitioner] a warning regarding behavior on the record," and (5) being found by the Panel to have  "abused the arbitration process by making unsubstantiated allegations and ad hominem attacks against the Panel,"  to the point that she had to be "asked to leave the room under the supervision of security and the hearing was subsequently adjourned."  *See* Arbitration 17-01857 at 25-28.

Petitioner claims that the dismissal should not have been permitted under FINRA Rule 12212(c).  Further, Petitioner complains of defamation and harassment allegedly because of the dismissal.  (Pet. 10).  She also suggests that the dismissal violated the "Americans with [Disabilities] Act" (ADA) and Colorado defamation law.  (Pet. 11).  Petitioner also alleges violations of her privacy because certain details of a previous gender employment discrimination class action lawsuit, in which she was a class member,[3] were disclosed by the defense counsel in the FINRA arbitration.  (Pet.  4-5).  Petitioner further complains she suffered "due process" violations because her FINRA arbitration was dismissed by the arbitration panel. (Pet. 7).

---

[3] *Kosen et.al, v. American Express Financial Advisors Inc*., 1:02-cv-82-JMC (D.D.C.). Plaintiff Seltzer was a member of the class in that class action of women broker dealers for gender employment discrimination against her previous employer American Express.  That court entered a consent decree in June 2002. (*Id.* at Doc.15).  Seltzer has another pending motion in the *Kosen* class action that she is attempting to reopen and in which she seeks to raise some of the same issues as in her Petition here according to the response by that Defendant.  (*Id.* at Docs. 68 and 70).

Notably, Seltzer did not file a motion to vacate the arbitration decision,[4] which she could have filed within 90 days of the dismissal.[5]

Woven into her complaints about the arbitration process are allegations that she was defamed by FINRA's subsequent publication of the decision in Arbitration No. 17-01857 in the FINRA Awards Online (AWO) database[6] and that a Google search of her name turns up the decision.  (Pet. 11-12).  Thus, she seeks to have the SEC order FINRA to remove that decision from that database.  She further alleges that the "SEC approved the Terms of Agreement for the publication of FINRA Awards Online (AWO)."  (Pet. 6).  Without pointing to a specific term, she claims the SEC failed to enforce FINRA's existing AWO data base Terms of Agreement. (Pet. 2, 8).

More generally, Petitioner challenges the SEC's alleged failure in its regulatory role of overseeing FINRA and wants a court to order the SEC to take certain rulemaking measures regarding the FINRA arbitration rules, which she claims harmed her.  Overall, she alleges the SEC's allegedly "Deficient Rule Making Oversight" over FINRA resulted in her arbitration being dismissed.  (Pet. 4).  To this end, she makes a series of complaints about the arbitration, arguing that the SEC is violating Section 15A(b)(6) of the Securities and Exchange Act (15 U.S.C. § 78o-3), which give the SEC authority over FINRA's rulemaking.

---

[4] She states that her previous attorney withdrew before filing any "Petition to Vacate her arbitration award."  (Pet.  13).

[5] A motion to vacate or challenge an arbitration result could have been filed by Seltzer pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 10, 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.")

[6]  Under FINRA Rule 12904(h), "All awards shall be made publicly available."  As FINRA has explained to Seltzer, it "satisfies this obligation by publishing all arbitration awards in FINRA's Arbitration Awards Online database…." Pet., Exhibit A, p. 1.

In particular, Petitioner complains that it is the SEC's fault that her FINRA arbitration was dismissed as a sanction allegedly because the SEC did not mandate that FINRA pass regulations to prohibit that type of dismissal as a sanction under FINRA Rule 12212(c) in an arbitration or have FINRA provide guidance to its arbitrators on sanctions that would have precluded such a ruling. (*See e.g.,* Pet. 3, 5, 15-16 and 24). Petitioner seeks to have this court order the SEC to "immediately reconsider" and undo or "vacate" its approval of FINRA Rule 12212(c) so that FINRA arbitrators would not be allowed to issue dismissals as sanctions in a FINRA arbitration. (*See e.g.,* Pet. 4 and 28). The Petitioner also seeks a court order that would require the SEC to sanction FINRA for passing FINRA Rule 12212(c) supposedly without guidance to arbitrators on sanctions. (Pet. 28).[7]

Petitioner requests that this court "issue a writ of mandamus directing the … SEC to issue sanctions against FINRA, SRO, for their breach of duty to SEC under APA … related to failures and representation to the SEC in FINRA Rule 12212(c) rule making process and failure to enforce Terms and Condition of use of their Awards Online Agreement made publicly available to investors who file Claims in FINRA Arbitration Forum." (Pet. 28). Petitioner claims that such an order would force the SEC to do a "ministerial" task to make the FINRA pass certain regulations on sanctions in its arbitrations. (Pet. 3). Petitioner also requests that the "SEC immediately reconsider their approval of [FINRA Rule] 12212(c)." (Pet. 28).

---

[7] Contrary to Petitioner's claims, FINRA has provided guidance to arbitrators on its arbitration rules and for sanctions on FINRA arbitration participants. *See* https://www.finra.org/arbitration-mediation/arbitrators-guide at 60.

## ARGUMENT

I.   **Petitioner's Petition for a Writ of Mandamus should be dismissed in its entirety under Rule 12(b)(1) for lack of subject matter jurisdiction.**

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (internal citations omitted)."  Before proceeding to the merits of a case, a federal court must consider whether it has subject-matter jurisdiction to consider the claim.  *See Cole v. U.S. Dep't of Justice,* No. 21-CV-1049 (TSC), 2021 WL 4843951, at *1 (D.D.C. Oct. 18, 2021), *citing Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party' "), *quoting Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006).

"Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the [district] court has jurisdiction."  *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F.Supp. 2d 9, 13 (D.D.C. 2001); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (plaintiff has burden of proving court has jurisdiction of the case).  If the plaintiff fails to carry that burden of proof, the proper recourse is for the district court to dismiss the claims for lack of subject matter jurisdiction.  Once the Court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh*., 546 U.S. at, 514.

A.    **This Court lacks subject matter jurisdiction over Petitioner's claims because sovereign immunity bars her claims against a government agency.**

In the absence of an express congressional waiver, sovereign immunity bars claims against the United States, its agencies, and employees, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), including the SEC and its employees*, SEC v. Independence Drilling Corp.,* 595 F.2d 1006, 1008 (5th Cir. 1979).[8]  "[S]overeign immunity is jurisdictional and absent a waiver, shields the Federal Government and its agencies from suit." *Cohen v. U.S.*, 650 F.3d 717, 723 (D.C. Cir. 2011) (internal quotation marks, ellipses, brackets, and citation omitted).  Agencies may only be sued in those limited circumstances where there has been an express congressional waiver of sovereign immunity, and then, only in the specific manner in which Congress has provided. *U.S. v. Dalm*, 494 U.S. 596, 608 (1990).

Although Congress may waive sovereign immunity, the waiver "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Peña,* 518 U.S. 187, 192 (1996) (citations omitted).  "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id*.  "Because sovereign immunity is jurisdictional in nature, any party bringing an action against the United States has the burden of alleging that the government has waived its immunity with regard to the claim at issue." *Uberoi v. E.E.O.C.*, 180 F. Supp. 2d 42, 45 (D.D.C. 2001), *aff'd*, 36 F. App'x 457 (D.C. Cir. 2002) (internal quotation marks and citations omitted).

Petitioner relies on the Mandamus statute, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and the judicial review provisions of the Administrative Procedure Act ("APA"), 5

---

[8] For purposes of sovereign immunity, claims brought against government officials in their official capacity are treated as claims against the United States itself. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  Plaintiff is clearly naming Chair Gensler as a defendant in his official capacity as she seeks action by the SEC.

U.S.C. § 701 *et seq*., but none of those waives the United States' sovereign immunity for the claims Petitioner asserts.

### 1.      Neither the Mandamus statute nor the All Writs Act waives sovereign immunity.

Petitioner cites both the Mandamus statute, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651, as bases for this court's jurisdiction. (Pet. 27-28.)  Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," and Section 1651 provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writ necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Courts view it as settled law that neither statute waives the United States' sovereign immunity.  *Wash. Legal Found. v. U.S. Sentencing Comm'n,* 89 F.3d 897, 901 (D.C. Cir. 1996) ("It is well settled that this statute [28 U.S.C. § 1361] does not by itself waive sovereign immunity."); *Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) ("Section 1651 . . . does not operate as a waiver of sovereign immunity.").

Although the Mandamus statute provides jurisdiction if a plaintiff is seeking to require a public official to perform a duty imposed upon the official, that principle applies only if an official's "actions are *ultra vires* his authority and therefore may be made the object of specific relief." *Id., quoting Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682 (1949). Seltzer has not alleged that Chair Gensler acted *ultra vires* his authority.  She has not identified any law that would require him to issue the sanctions or promulgate the rules she seeks.

2.     **The APA's waiver of sovereign immunity does not apply here because decisions to sanction FINRA and to change FINRA's rules are committed to agency discretion.**

The APA waives sovereign immunity if a person is "suffering legal wrong because of agency action" and is seeking relief 'other than money damages.'"  5 U.S.C. § 702.  To rely on this waiver, a plaintiff must "(i) possess statutory standing; (ii) seek relief other than money damages; and (iii) not be excluded by the APA two waiver provisos."  *Gentile v. SEC,* 974 F.3d 311, 316 (3d Cir. 2020).  The two provisos are (1) that "the APA's waiver of sovereign immunity does not apply when 'statutes preclude judicial review,' either for an entire subject matter or for a specific class of persons," and (2) the waiver excludes "judicial review of 'agency action [that] is committed to agency discretion by law.'"  *Id.* at 317, *citing* 5 U.S.C. § 701(a)(1) & (2) (footnotes omitted).  The APA's waiver of sovereign immunity does not apply here because Petitioner's claims are committed to agency discretion by law.[9]

Petitioner claims that the SEC should have required that FINRA provide further guidance on FINRA Rule 12212(c) or that the Commission should require FINRA to modify that rule.  But the Commission's decision whether to promulgate or require any further rulemaking regarding FINRA's arbitration rules is discretionary by law.

> The Commission may  []amend . . .  the rules of a self-regulatory organization (other than a registered clearing agency) as the Commission deems necessary or appropriate to insure the fair administration of the self-regulatory organization, to conform its rules to requirements of this chapter and the rules and regulations thereunder applicable to such organization, or otherwise in furtherance of the purposes of this chapter.

15 U.S.C. § 78s(c).  The factors this statute provides are general and do not limit the SEC's discretion to decide whether to amend FINRA's rules.  *See NRDC v. SEC*, 606 F.2d 1031,1045

---

[9] Plaintiff may also lack statutory standing, but we do not address that here because Plaintiff lacks Constitutional standing as discussed below.  The only element that Plaintiff clearly satisfies is that she is not seeking monetary damages.

& n.26 (D.C. Cir. 1979) (reasoning that "the Commission has been vested by Congress with broad discretionary powers to promulgate (or not to promulgate) rules requiring disclosure of information beyond that specifically required by statute"); *see also Silberstein v. SEC*, 153 F.Supp.3d 233, 239 (D.D.C. 2016) (noting SEC discretion in promulgating rulemaking under the Exchange Act).

Similarly, any decision by the SEC whether to seek sanctions against any individual or entity is committed to its discretion.  Section 21(d) of the Securities Exchange Act of 1934 provides, "Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter . . . , it may in its discretion bring an action in the proper district court . . . ."  15 U.S.C. § 78u(d).  Courts have repeatedly recognized that the SEC's decision not to bring an enforcement action is committed to its discretion.  *See Block v. SEC,* 50 F.3d 1078, 1084 (D.C. Cir. 1995) (rejecting an APA action seeking to compel SEC action and stating that "the agency alone, and neither a private party nor a court, is charged with the allocation of enforcement resources"); *Kixmiller v. SEC*, 492 F.2d 641, 645 (D.C. Cir. 1974) ("in court, an agency's decision to refrain from an investigation or an enforcement action is generally unreviewable"); *Dichter-Mad Family Partners, Inc. v. U.S.*, 707 F.Supp.2d 1016, 1036-40 (C.D. Cal. 2010), *aff'd*, 709 F.3d 749 (9th Cir. 2013) ("A large number of courts have held that SEC decisions [to investigate or take enforcement action] are unreviewable under the FTCA and/or the Administrative Procedures Act.").

Thus, Petitioner is seeking action that is committed to the SEC's discretion and consequently is not covered by the APA's waiver of sovereign immunity.

**B.      Even if Petitioner could identify a waiver of sovereign immunity, this Court would lack jurisdiction because Petitioner lacks standing to bring her claims.**

The Petition must be dismissed because Petitioner does not have standing to bring her purported claims against the Commission regarding its oversight of FINRA.  A plaintiff in federal court bears the burden of showing that she meets the "irreducible constitutional minimum" of Article III standing's three criteria: (1) injury in fact; (2) causation; and (3) redressability.  *Lujan*, 504 U.S. at 560-61.  Petitioner bears the burden of establishing standing for each form of relief she seeks.  *See Davis v. FEC*, 554 U.S. 724, 734 (2008).  A "deficiency on any one of the three prongs suffices to defeat standing."  *U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000).

To establish standing at the motion to dismiss stage, a plaintiff "must state a plausible claim that [she has] suffered an injury in fact fairly traceable to the actions of the defendant that is likely to be redressed by a favorable decision on the merits." *Food & Water Watch, Inc. v. Vilsack,* 808 F.3d 905, 913 (D.C. Cir. 2015) (quotation omitted); *see also Fryshman v. U.S. Comm'n for Preservation of America's Heritage Abroad*, 422 F.Supp.3d 1, 3 (D. D.C. 2019).  A plaintiff also lacks standing if she cannot show her purported injury would be redressed if the requested relief were granted.

Assuming *arguendo* that Petitioner could meet the first prong, Petitioner still fails to meet the second and third standing prongs.  To establish the second prong, causation, Petitioner must establish "a causal connection between the injury and the conduct complained of— the injury has to be fairly ... trace[able] to the challenged action of the defendant, and <u>not</u> ... th[e] result [of] the independent action of some third party not before the court." *Id*. (emphasis added) (citation and internal quotation marks omitted).

11

Petitioner complains that her FINRA arbitration was dismissed by an arbitration panel and that FINRA posted her award dismissing Arbitration No. 17-01857 on FINRA's Arbitration awards online database. The SEC was not a party to either of those complained of actions. Moreover, the SEC's approval of FINRA arbitration rules did not cause the harms claimed by Petitioner. Rather, they are ascribable to intervening factors, including Petitioner's behavior at the hearing and her decision not to move to vacate the arbitration decision if she believed it was based on improper considerations. Thus, she cannot establish causation.

To establish the third prong for standing, redressability, Petitioner would need to show "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (citation and internal quotation marks omitted). Petitioner seeks new FINRA arbitration rules that do not include FINRA Arbitration Code Rule 12212(c), which allows FINRA arbitrators to dismiss an arbitration as a sanction. However, such a new FINRA arbitration rule or disapproval of the existing sanctions rule would only be applied prospectively and would therefore not offer Petitioner any redress for the alleged injury suffered. Specifically, the requested relief would not reinstate her dismissed FINRA arbitration, the time for appeal of which expired three years ago. As such, Petitioner has failed to show that her alleged injuries could be redressed by suing the SEC or Chair Gensler. *Lujan*, 504 U.S. at 561. Likewise, FINRA ceasing its online publication of that arbitration decision would not reverse her adverse FINRA arbitration decision.

Because Petitioner cannot satisfy the causation and redressability requirements, the Petition should be dismissed for lack of standing.

**II.      Even if this Court had jurisdiction, the Petition should be dismissed under Rule 12(b)(6) for failure to state a claim.**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the allegations contained in the complaint.  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Dismissal under Rule 12(b)(6) is appropriate "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice."  *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006).  Under Rule 12(b)(6), the court should not accept as true inferences unsupported by facts set out in the Petitioner's petition or her legal conclusions cast as factual allegations.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Under Rule 12(b)(6), "[a] *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court."  *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  Even though a "*pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers, … it, too, must plead factual matter that permits the court to infer more than the mere possibility of misconduct."  *Reeves v. MV Transp., Inc.*, 845 F. Supp. 2d 104, 106 (D.D.C. 2012) (internal quotation marks and citations omitted); *see also Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008) ("Even given the special liberality with which [the

13

court considers] *pro se* complaints, [it] need not accept inferences unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual allegations.") (internal quotation marks and citation omitted).

Petitioner fails to state a claim under the APA or the Mandamus statute because she has not identified any action that the SEC is legally required to take that it did not take.  The APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  A claim under Section 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All*., 542 U.S. 55, 64 (2004) (emphasis in original); *Citizens for Responsibility and Ethics in Washington v. SEC*, 916 F.Supp.2d 141, 148 (D.D.C. 2013) ("While courts are empowered to 'compel agency action unlawfully withheld or unreasonably delayed,' 5 U.S.C. § 706(1), a court may only do so when the action is withheld unlawfully—that is, when the agency has failed to act in response to a clear legal duty.") (*citing Norton*, 542 U.S. at 63-64.  Seltzer cannot overcome this barrier.

Petitioner has not shown (nor can she) that the Commission is "required" or otherwise "demanded by law" to commence the rulemaking process for the requested rule or to seek sanctions from FINRA.  *Norton*, 542 U.S. at 64, 65.  As explained above, the Commission has broad discretion in determining what rules to promulgate and what actions to bring, and Petitioner does not point to any authority that would require it to promulgate the rule she seeks or bring an action against FINRA.  Indeed, in cases that raise a challenge to an agency decision to reject a rulemaking proposal, courts have recognized that any judicial review of such a decision would be "extremely limited."  *WildEarth Guardians v. U.S. EPA*, 751 F.3d 649, 651 (D.C. Cir. 2014) (citation omitted); *see also Massachusetts v. U.S. EPA*, 549 U.S. 497, 527 (2007)

("narrow" review of agency decision not to act).  An agency has "broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities." *WildEarth Guardians, 751 F.3d at 651; see also Defenders of Wildlife v. Gutierrez*, 532 F.3d 913, 919 (D.C. Cir. 2008) ("[A]n agency's refusal to institute rulemaking proceedings is at the high end of the range of levels of deference we give to agency action …") (internal quotation marks and citation omitted). Thus, Plaintiff's APA claims fail to state a claim upon which relief can be granted.

Petitioner's mandamus claim fails for similar reasons.  Mandamus is a "drastic and extraordinary remedy" and "only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify [its] invocation." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 729 (D.C. Cir. 2012) (citations and internal quotation marks omitted).  In *Cheney v. District Court for District of Columbia*, 542 U.S. 367, 380-81 (2004), the Supreme Court identified three requirements that must be satisfied: (1) there must be "no other adequate means to attain the relief [the petitioner] desires"; (2) "the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id*. (citations and internal quotation marks omitted).  A district court's power to compel official action by mandamus is limited to the enforcement of plainly defined, purely ministerial, nondiscretionary duties. *See Decatur v. Paulding*, 39 U.S. 496, 514-17 (1840); *Wilbur v. U.S.*, 281 U.S. 206, 218 (1930).  A duty only qualifies as "ministerial" when it "is so plainly prescribed as to be free from doubt and equivalent to a positive command." *Wilbur*, 281 U.S. at 218.  The party seeking mandamus relief has the burden of showing that its right to the writ is "clear and indisputable." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir.

2002).  If the action petitioner seeks to compel is discretionary, there is no clear right to relief, and mandamus is not an appropriate remedy.  *See*, *e.g.*, *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  As described in connection with her APA claims, Petitioner has not shown that she has any clear right to the relief she seeks or that the Commission has a clearly defined duty to take the actions she seeks.

For the foregoing reasons, Plaintiff's claims should be dismissed.

## III.     Discovery should be stayed pending resolution of the motion to dismiss.

The Commission also moves to stay discovery and related activities (including the scheduling of disclosures and timing of discovery) pending the Court's resolution of its motion to dismiss. "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (citations omitted).  As such, a stay of discovery during the motion's pendency "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Sibley v. United States Supreme Court*, 786 F. Supp. 2d 338, 346-347 (D.D.C. 2011), *quoting Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (internal quotations omitted).

Indeed, this Court has "often stayed discovery" pending decisions on motions to dismiss. *Sai v. Dep't of Homeland Sec.*, No. 14-cv-1876, 2015 WL 1736960, at *4 (D.D.C. Apr. 16, 2015) (staying Rule 26(f) conference and all discovery pending ruling on motion to dismiss).  Here, a stay would promote economy of time and effort for the Court and both of the parties.  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998).  Moreover, neither party would be prejudiced by a stay, particularly because it is unclear that discovery is even appropriate given

the nature of this administrative matter. *See*, *e.g.*, *Friends of the Earth v. U.S. EPA*, 934 F. Supp. 2d 40 (D.D.C. 2013); Local Civil Rule 16(b)(1) (exempting from discovery matters to be decided on the administrative record); *see generally White v. Fraternal Order of Police*, 909 F.2d 512 (D.C. Cir. 1990) (The "decision whether to stay discovery is committed to the sound discretion of the district court judge."). Accordingly, the Court should exercise its discretion to grant the Commission's motion to stay discovery.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Seltzer's Petition and stay discovery while this Court considers the Commission's motion to dismiss.

Respectfully submitted,

*Juanita C. Hernández*
Thomas Karr
D.C. Bar No.  426340
Juanita C. Hernández
D.C. Bar No.449797
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-9612
Hernandezj@sec.gov
202-551-5152 (telephone) (Hernández)
202-772-9263 (facsimile)

Dated: December 17, 2021          Attorneys for Respondent

17

## CERTIFICATE OF CONFERENCE

I certify that on December 17, 2021, I as counsel for Respondent sent an email to *pro se* Petitioner Seltzer to confer concerning the Respondent's filing of its motion to stay discovery. Petitioner did not respond before the filing of this motion.

/s/ *Juanita C. Hernández*
Juanita C. Hernández

## CERTIFICATE OF SERVICE

On December 17, 2021, I electronically submitted the foregoing document with the clerk of the court for the United States District Court for the District of Columbia, using the electronic case filing system of the Court. I hereby certify that I have served electronically *pro se* Petitioner Susan Seltzer who has CM/ECF privileges with this court.

/s/ *Juanita C. Hernández*
Juanita C. Hernández