UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN SELTZER,<br><br>       Petitioner,<br><br>  v.<br><br>GARY GENSLER ET AL.,<br><br>       Respondents. | Civil Action No. 21-2093 (JMC) |

## ORDER

Before the Court is Respondents' Motion to Stay, ECF 15, in which Respondents ask that the Court stay discovery and related activities (including the scheduling of disclosures and timing of discovery) pending the Court's resolution of Respondents' Motion to Dismiss, ECF 14.

"[T]he decision whether to stay discovery is committed to the sound discretion of the district court judge." *White v. Fraternal Ord. of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (citations omitted). Courts in this District have often stayed discovery when, as here, "a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (citations and internal quotation marks omitted). Indeed, it is "well settled" that discovery is generally inappropriate in that scenario. *Id.* (citation and internal quotation marks omitted).

Given the pending Motion to Dismiss, the Court concludes that a stay of discovery is warranted to preserve both the Court's and the Parties' time, effort, and other resources. *See Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015). Though Petitioner Susan Seltzer asserts that "[i]mmediate discovery is critical to protect [her] from further harm (defamation),"

1

ECF 21 at 7, she does not actually specify how delaying discovery until the Court resolves the recently briefed Motion to Dismiss—which may determine whether any discovery is necessary in this case—will prejudice her, and the Court does not believe that prejudice will result.

Accordingly, it is hereby **ORDERED** that Respondents' Motion to Stay, ECF 15, is **GRANTED**.

**SO ORDERED**.

DATE: February 16, 2022

_____
Jia M. Cobb
U.S. District Court Judge