

DEPARTMENT OF THE TREASURY
FINANCIAL CRIMES ENFORCEMENT NETWORK

July 22, 2011

Richard W. Berry
SVP and Director of Case Administration
Financial Industry Regulatory Authority
165 Broadway, 52nd Floor
New York, NY 10006

    Re:    Suspicious Activity Reporting Confidentiality Requirements of the Bank Secrecy Act and Its Implementing Regulations

Dear Mr. Berry:

    As Chief Counsel of the Financial Crimes Enforcement Network (FinCEN), I have been asked to provide correspondence to you that conveys FinCEN's position on the Suspicious Activity Reports (SARs) Confidentiality Requirements of the Bank Secrecy Act (BSA), 31 U.S.C. 5311-5314 and 5316-5332, and its implementing regulations as they apply to broker-dealers.[1] Please provide this guidance to the Panel for FINRA Arbitration Proceeding No. ▮▮▮▮▮▮.

    Pursuant to the BSA, financial institutions are required to report "any suspicious transaction relevant to a possible violation of law or regulation" subject to appropriate regulations. 31 U.S.C. § 5318(g)(1). FinCEN, a bureau of the Treasury Department, has been charged with the administration of the BSA by statute and by Treasury Department delegation. *See* 31 U.S.C. § 310(b)(2)(I), Treasury Order 180-01 (Sept. 26, 2002). Under this authority, FinCEN has issued regulations requiring domestic broker-dealers to file SARs in specified circumstances. *See* 31 C.F.R. § 1023.320. Unlike a report of fact or of opinion supported by observation, a SAR is likely to be an expression of a broker-dealer's suspicion about a transaction, based on the broker-dealer's lack of sufficient information to provide a reasonable explanation of the purpose of the transaction.

    SARs have been deemed highly useful in criminal investigations. *See* 31 U.S.C. § 5311, 31 C.F.R. § 1010.301. Given that SARs are statements of suspicion, however, and not evaluated or verified by a third party before being filed, they are primarily useful as generators of leads to be investigated. Pursuant to its statutory authority, FinCEN makes

---

[▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮] please understand that, consistent with FinCEN's longstanding policy, this letter neither confirms nor denies the existence of a SAR. FinCEN's position is that disclosure of information concerning whether or not a SAR has been filed is as damaging to the SAR reporting system as is disclosure of the contents of any specific SAR. *See* Confidentiality of Suspicious Activity Reports, 75 Fed. Reg. 75593, 75595 (Dec. 3, 2010).

SARs available to federal, state and local law enforcement with this understanding of their appropriate use. *See* 31 U.S.C. § 5319.

The utility of SARs explains the extraordinary steps that Congress has taken to encourage financial institutions to file. The most obvious of these is the BSA's sweeping safe harbor from liability "to any person under any law or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, or under any contract or other legally enforceable agreement" for a financial institution that makes "a voluntary disclosure of any possible violation of law or regulation to a government agency or … a disclosure pursuant to this subsection [31 U.S.C. § 5318(g)] or any other authority[.]" 31 U.S.C. § 5318(g)(3).

Equally important are the severe limits that the BSA and FinCEN regulations impose on the availability of SARs. Under the BSA, a financial institution that has filed a SAR "may not notify any person involved in the transaction that the transaction has been reported." 31 U.S.C. § 5318(g)(2)(A)(i). FinCEN regulations impose further limitations, prohibiting broker-dealers from disclosing a SAR or any information that would reveal the existence of a SAR. *See* 31 C.F.R. § 1023.320(e). The regulation does not prohibit the disclosure of "[a] SAR, or any information that would reveal the existence of a SAR [if the disclosure is] to FinCEN or any Federal, State or local law enforcement agency, or any Federal regulatory authority that examines the broker-dealer for compliance with the [BSA]; or to any [self regulatory organization] that examines the broker-dealer for compliance with the requirements of [the SAR reporting regulation], upon the request of the Securities and Exchange Commission." 31 C.F.R. § 1023.320(e)(1)(ii)(A)(*1*). Further, SARs are prohibited from being disclosed by federal, state, local, territorial or tribal government authorities or any self regulatory organization registered with the SEC for use in a private legal proceeding. *See* 31 C.F.R. § 1023.320(e)(2), (3). There are no other exceptions to either the statutory or the regulatory limitation on SAR disclosure by a broker-dealer. Moreover, SARs and records concerning SARs cannot be obtained directly from FinCEN under the Freedom of Information Act. *See* 31 U.S.C. § 5319, *Sciba v. Board of Governors of the Federal Reserve System*, 2005 WL 3201206 *5 (D.D.C. Nov. 4, 2005) (exemption from FOIA for BSA reports may not be waived by agency), *Small v. Internal Revenue Service*, 820 F.Supp. 163, 166 (D.N.J. 1992) (same).

Similar to the safe harbor, these limitations on SAR availability are designed to encourage financial institutions to file SARs. Financial institutions have repeatedly informed FinCEN that it drives away business, and may even lead to threats to institutions and employees, when customers or the general public are reminded that financial institutions report their suspicions about their customers to the Government. The limitations on SAR availability make it significantly less likely that the customer of a financial institution will learn that the financial institution has filed a SAR on him or her. The limitations also significantly reduce the chance that a financial institution's SAR

Mr. Richard W. Berry

July 22, 2011                                                                                                    Page 3

filing process will be discussed in public. All of this makes it easier for financial institutions to candidly and energetically report suspicious activities to FinCEN.

This reticence on SAR issues has the added benefit of preventing the customer of a financial institution from learning whether any attempts he or she may have made to evade SAR reporting were effective. It is thus more difficult for a customer to succeed in evading scrutiny, or for third parties to improve techniques of evasion based on a customer's experience of success or failure.

Congress has provided for circumstances in which a SAR must be disclosed to comply with applicable law, including in criminal litigation. The BSA permits a federal, state, local, tribal or territorial government employee or officer to disclose a SAR "to any person involved in the transaction [that is the subject of the SAR] as necessary to fulfill the official duties of such officer or employee." 31 U.S.C. § 5318(g)(2)(A)(i), (ii). Similarly, by regulation, FinCEN permits a director, officer, employee or agent of any self-regulatory organization registered with the SEC to disclose a SAR, or any information that would reveal the existence of a SAR "as necessary to fulfill self-regulatory duties with the consent of the [SEC], in a manner consistent with Title II of the Bank Secrecy Act." 31 C.F.R. § 1023.320(e)(3). But in both instances referenced above, FinCEN considers that the phrases "as necessary to fulfill ... official duties" and "as necessary to fulfill self-regulatory duties" do not include disclosure of a SAR or any information that would reveal the existence of a SAR in response to a request for disclosure of non-public information or a request for use in a private legal proceeding. 31 C.F.R. § 1023.320(e)(2), (3).

If this office can provide you with any additional information concerning this matter, please do not hesitate to contact me at (703) 905-3534.

Very truly,

Bill S. Bradley

Bill S. Bradley
Chief Counsel

cc: Suzanne McGovern, Assistant Director, Office of Compliance Inspections and
    Examinations, US Securities and Exchange Commission (via email only)
    Emily Gordy, Senior Vice President, Department of Enforcement, Financial Industry
    Regulatory Authority (via email only)