## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN SELTZER, | |
| Plaintiff, | Civil Action No. 1:21-cv-02093 (JMC) |
| v. | |
| GARY GENSLER, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

After receiving an unfavorable outcome in an arbitration proceeding, Plaintiff Susan Seltzer brought this case, styled as a petition for writ of mandamus, to compel the Securities and Exchange Commission (SEC) and its Chairman to require the Financial Industry Regulatory Authority (FINRA) to "complete training on FINRA Rule 12212(c)." ECF 1 at 1. Her filing also makes references to "violations by SEC in oversight of rulemaking" concerning the same provision. *See, e.g., id.* at 2.[1] However, among other defects in her complaint, Seltzer fails to show that a successful challenge here would redress the injuries she alleges. Therefore, she lacks standing to bring this action and the Court grants Defendants' Motion to Dismiss.

### I.   BACKGROUND

On July 13, 2017, a group of claimants, including Seltzer, filed a statement of claim to arbitrate several claims in FINRA's arbitration forum against a broker-dealer firm and several

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

individual brokers. *See* ECF 4-1 at 1–2.[2] The claimants asserted many arguments in that arbitration proceeding, including negligence, breach of contract, breach of fiduciary duty, and elder financial abuse. *Id.* at 2. After holding an evidentiary hearing, the arbitration panel issued a written award dismissing the claims. *Id.* at 14, 16. The panel determined that claimants had failed to comply with the panel's orders and dismissed the claims pursuant to FINRA Code Rule 12212(c), a provision that permits an arbitration panel to sanction a party for failure to comply with any provision of FINRA's Code of Arbitration Procedure for Customer Disputes. *Id.* at 16. Notably, the panel found that Seltzer had acted disruptively during the proceeding by yelling and throwing things, interfering with testimony, and making ad hominem attacks against other people. *Id.* at 14–15. Seltzer objects to the panel's characterization of her conduct during the proceeding. ECF 1 at 5.

To the best that the Court can make out Seltzer's allegations, she filed suit in this Court seeking to compel the SEC to "reconsider their approval of [Rule] 12212(c)" and "complete their proper oversight of self-regulatory organizations." *Id.* at 28. She purports to bring her claims under the Mandamus statute, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* ECF 1 at 2, 4.[3]

Defendants filed a Motion to Dismiss, ECF 14, to which Seltzer responded, ECF 19; ECF 20, and Defendants replied, ECF 27.

---

[2] Seltzer filed the arbitration award shortly after initiating this action, *see* ECF 4-1, and prior to any response from Defendants, *see* ECF 14, so the Court assumes that Seltzer intended for the Court to consider the award as an attachment to her complaint. The Court could consider the award in evaluating Defendants' motion to dismiss in any event because it is referred to in Seltzer's complaint and is integral to her claims. *See Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).

[3] Seltzer's filing also makes references to FINRA allegedly defaming her. But the Court does not understand this to be a defamation action. Indeed, Seltzer brought a separate suit about this alleged defamation by FINRA in connection with the same arbitration proceeding. *Seltzer v. Fin. Indus. Regul. Auth.*, No. 1:22-CV-00330. And the Court dismissed that case.

II.    **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when a plaintiff pleads all of the elements of their claim and supports those elements with enough factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, courts must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint. *Id.* at 679.

III.   **ANALYSIS**

As the Court observed earlier, Plaintiff purports to challenge the SEC's implementation of FINRA Rule 12212(c). She alleges that her claims in arbitration were improperly dismissed under the Rule, and that the SEC failed to train arbitrators how to appropriately apply the Rule. ECF 1 at 2–3, 16. Defendants argue that this case should be dismissed for numerous reasons, including that Seltzer lacks standing. ECF 14-1 at 16. The Court agrees on that point and grants Defendants' Motion to Dismiss.

To establish constitutional standing, "a plaintiff must show (i) that [she] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Regarding the third element, the plaintiff must show that it would be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). It is "substantially more difficult" to make that showing when a third party is involved. *Id.* at 562. In such a case— where a plaintiff challenges the government's allegedly unlawful regulation of a third party—the

plaintiff must "adduce facts showing that [the third party's] choices have been or will be made in such manner as to produce causation and permit redressability of injury." *Id.*

Here, Seltzer challenges the SEC's regulation of FINRA. *See* ECF 1 at 2–3, 16. Her complaint does not clearly explain what she claims the SEC did wrong. She identifies no defect in any rulemaking process, no issues with the SEC's purported oversight, or any deficiencies in purported training, other than conclusory allegations. But with respect to her standing, she has not identified any connection between the sweeping relief that she is seeking and any alleged injury she suffered. According to the arbitration award, Seltzer's claims were dismissed because she exhibited improper conduct during the arbitration proceeding. *See* ECF 4-1 at 14–16. Thus, even if the SEC promulgated new regulations pertaining to FINRA Rule 12212(c), whatever those might be, she cannot show that a favorable ruling would have any impact on her. Her claims might still have been dismissed under whatever regulatory scheme she thinks is proper because the panel found that she demonstrated inappropriate behavior during the arbitration proceeding. And her claims in arbitration would not be revived if the Court granted her the relief she is seeking. This is not an action to vacate the arbitration award. In other words, speculation about how additional regulations might have affected her arbitration proceeding does not give Seltzer standing to sue Defendants.

At the end of the day, Seltzer disagrees with the arbitration panel's decision to dismiss her claims. She believes that the arbitration panel erred in throwing out her case and disputes its characterization of her behavior. Her recourse, then, was to move to vacate (or correct) the award. There is nothing the Court can do in response to Seltzer's petition that can change the result of the arbitration proceeding or reinstate her claims.

IV.    **CONCLUSION**

The Court concludes that Seltzer lacks standing to sue Defendants because she has not shown that her alleged injuries would be redressed by a favorable outcome in this case. Therefore, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss, ECF 14, is GRANTED.

**SO ORDERED.**

DATE: March 25, 2024

_____
Jia M. Cobb
U.S. District Court Judge