CASE NO. 21-cv-02093JMC

## UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

**SUSAN SELTZER**                             Civil Action No. 1:21-cv-02093(JMC)
                                                                       The Honorable Judge Cobb

*Petitioner*

v

**MARK T. UYEDA and THE SECURITIES AND EXCHANGE COMMISSION**
*Defendant*

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL IN SUPPORT OF RULE 60(b)(6) MOTION FOR RELIEF

Petitioner, Susan Seltzer, respectfully moves this Court for leave to file supplemental material in support of her Rule 60(b)(6) Motion (ECF 42, 45) to correct a procedural error in the dismissal of her Administrative Procedure Act (APA) challenge. The SEC failed to disclose materially relevant information regarding its ongoing AI regulatory review at the time it opposed Plaintiff's APA claim, in the 60(b)(6) Motion for Relief, which concerns FINRA Rule 12904(h) and its AI-driven expansion without SEC rulemaking and regulatory oversight.

This newly available information directly undermines the SEC's opposition to Plaintiff's APA challenge, which it mischaracterized as an attempt to relitigate arbitration rather than a valid request for SEC agency review of FINRA's technological expansion of its rules. Given the significance of this omission, Plaintiff respectfully requests that the Court:

1. Grant leave to file this supplemental submission.
2. Consider the SEC's AI Compliance Plan and Use Case Inventory as newly available evidence demonstrating the SEC's failure to oversee FINRA's expansion of Rule 12904(h) using AI-driven algorithms and metadata indexing.

3. Reconsider its prior dismissal under Rule 60(b)(6) considering the SEC's undisclosed AI oversight responsibilities, which confirm the relevance of Plaintiff's APA challenge.

**BACKGROUND**

The SEC is now actively engaged in AI oversight and has published the following materials, which directly contradict its prior arguments against APA review:

- SEC AI Compliance Plan (2024)
- AI Use Case Inventory (2024) (.csv)
- Reporting on AI Use Cases Not Subject to Individual Inventory (2024)
- These materials are now publicly available on the SEC's official website: https://www.sec.gov/ai.

The SEC's regulatory focus on AI confirms that FINRA's AI-driven indexing and metadata expansion of Rule 12904(h) is precisely the type of issue that warrants agency oversight. The SEC's failure to disclose this active AI governance initiative while opposing Plaintiff's APA claim misled both the Court and Petitioner.

Despite this active SEC oversight effort, the SEC continues to argue that its review of FINRA's AI expansion is discretionary—a position undermined by its own AI regulatory policies.

**RULE 7(m) CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7(m), Plaintiff conferred with counsel for the SEC regarding this Motion for Leave to File Supplemental Material. The SEC opposes this motion, arguing that Plaintiff could have submitted this evidence earlier and that it would not change the Court's ruling on standing.

CASE NO. 21-cv-02093JMC

However, this response is flawed, as the SEC itself did not publicly disclose its AI regulatory efforts until late January 2025, demonstrating that the APA claim is timely and requires review.

**ARGUMENT**

1. The SEC's AI Oversight Disclosures Are Directly Relevant and Must Be Supplemented

- The SEC's failure to disclose these materials at the time of its opposition deprived Plaintiff of a full and fair APA review.
- The SEC itself now acknowledges AI oversight is necessary under existing statutes, yet it previously argued that FINRA's AI-driven expansion of Rule 12904(h) was not subject to APA review.
- Under 5 U.S.C. § 706(2), this Court must evaluate whether the SEC's failure to regulate AI-driven expansion of Rule 12904(h) was arbitrary, capricious, or contrary to law.
- The SEC's AI Compliance Plan directly contradicts its claim that it had no duty to examine FINRA's AI-driven metadata practices.

2. Plaintiff Has Standing Under the APA, Which Now Mandates Review of AI-Driven Harm

- The SEC's argument against standing is based on arbitration—not APA review.
- Plaintiff's APA challenge concerns FINRA's use of AI under Rule 12904(h) to violate privacy, deprive Plaintiff of property, and cause ongoing reputational harm—not the arbitration outcome.
- APA review is now mandatory because AI-driven government actions that cause harm require judicial oversight under the Exchange Act:
- FINRA's AI-driven expansion of Rule 12904(h) has caused ongoing injury.
- FINRA Rule 12212(c) facilitated due process violations by blocking the right to be heard before punitive sanctions were imposed.

CASE NO. 21-cv-02093JMC

The SEC had a duty to regulate these rules but failed to do so, violating its statutory obligations under the Exchange Act.

3. The Court Should Grant Leave to Supplement the Record

- The SEC's AI governance disclosures are newly available evidence that must be considered under the APA's arbitrary and capricious standard (5 U.S.C. § 706(2)).

- Plaintiff's standing is firmly established under the APA because the injury is ongoing, directly caused by agency inaction, and redressable through proper agency action. Furthermore, this Court retains equitable authority to address the ongoing injury under its APA jurisdiction, as explicitly recognized in ECF 50, p. 22.[1]

- The Court should grant leave to supplement the record to ensure a complete review of whether the SEC's failure to regulate AI-driven investor harm under FINRA Rules 12904(h) and 12212(c) violates its statutory duties.

Therefore, FINRA's use of AI-driven indexing to disseminate arbitration awards, without oversight from the SEC, creates ongoing harm that is subject to judicial review under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), as the SEC's failure to regulate this practice may constitute agency action that is arbitrary, capricious, or contrary to law.

**Legal Citations Supporting APA Review**

- *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983) (agencies act arbitrarily and capriciously when they fail to consider important aspects of a problem).

---

[1] "Should the court grant relief, it could determine the appropriate procedural mechanism for Petitioner to exercise this constitutional right *without disturbing the finality of the arbitration* Award. Whether through a revision of Rule 12212(c) under the APA, or by mandating the SEC to create a pathway for post-arbitration redress of ongoing material harm caused by procedural and constitutional deficiencies, the court has the authority to ensure that the principles of due process and fairness are upheld." 1:21-cv-02093JMC, ECF 50, P. 22.

- *Massachusetts v. EPA,* 549 U.S. 497, 533 (2007) (an agency cannot avoid statutory obligations by simply refusing to act).

- *Loper Bright Enters. v. Raimondo*, 45 F.4th 359 (D.C. Cir. 2023) (limiting agency deference and reinforcing judicial review of agency decisions under the APA).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file supplemental material so that the SEC's newly disclosed AI oversight policies may be considered in determining whether the SEC's failure to regulate FINRA's AI-driven rule expansion was arbitrary, capricious, or contrary to law under the APA.

Respectfully submitted,                                                                 DATED: February 11, 2025

/s/ *Susan Seltzer*
_____
Susan Seltzer
Pro Se Litigant
Seltzers1971@gmail.com
No. 21-cv-02093JMC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of February 2025 the foregoing Motion for Leave to File Supplemental Material was electronically submitted with the clerk of the court for the United States District Court for the District of Columbia, using the electronic case filing system of the Court and all parties.

Respectfully submitted,

CASE NO. 21-cv-02093JMC

/s/ *Susan Seltzer*
_____
Susan Seltzer
Pro Se Litigant
Seltzers1971@gmail.com

**ECF Distribution List**

Juanita C. Hernández
Thomas Karr
D.C. Bar No. 426340
Juanita C. Hernández
D.C. Bar No.449797

**Securities and Exchange Commission**
100 F Street, N.E.
Washington, D.C. 20549-9612
Hernandezj@sec.gov
202-551-5152 (telephone) (Hernández)